Filed 3/3/23  P. v. Montalvo CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>THOMAS LEE MONTALVO,<br><br>        Defendant and Appellant. | C096630<br><br>(Super. Ct. No. 87F4788) |

Defendant Thomas Lee Montalvo appeals from an order denying his postjudgment petition to vacate his attempted murder conviction pursuant to Penal Code section 1172.6[1] (formerly section 1170.95).  Defendant's appointed counsel found no arguable

---

[1] Further undesignated statutory references are to the Penal Code.

1

issues and filed a brief asking this court to independently review the record. (See *People v. Wende* (1979) 25 Cal.3d 436.) Defendant timely filed a supplemental brief without assistance of counsel; this court subsequently requested supplemental briefing from both parties' counsel on December 12, 2022, and that briefing was completed January 24, 2023.

Having reviewed the record provided to us on appeal as well as our prior opinion in this case, and having considered the parties' arguments, we find procedural error but conclude the error was harmless under any standard, as our independent review of the record before us reveals that defendant is ineligible for relief under the statute at issue as a matter of law. Accordingly, we affirm the trial court's order denying defendant's petition.

## FACTUAL AND PROCEDURAL BACKGROUND

*Defendant's Convictions*

The information filed on July 27, 1987, charged defendant with first degree attempted murder (§§ 664, 187, subd. (a); count 1); robbery (§ 211; count 2); and vehicle theft (Veh. Code, § 10851; count 3). As to the attempted murder, the information alleged that "Defendant . . . did willfully and unlawfully, and with malice aforethought attempt to murder, [the victim] a human being." As to the robbery count, the informed alleged defendant had personally used a firearm (§ 12022.5) and had intentionally inflicted great bodily injury on the victim (§ 12022.7).

In 1988, a jury found defendant guilty as charged and found the enhancements true except the great bodily injury allegation, which was mistried. Defendant was sentenced to life with the possibility of parole, plus a two-year determinate term to be served

---

Effective June 30, 2022, after defendant filed his petition, the Legislature renumbered section 1170.95 to section 1172.6 without substantive change. (Stats. 2022, ch. 58, § 10.) We will generally refer to the section by its new numbering.

consecutively.  This court affirmed this judgment in an unpublished opinion.  (*People v. Montalvo* (May 4, 1989, C004259) [nonpub. opn.].).)[2]

*Legal Background*

Senate Bill No. 1437 (2017-2018 Reg. Sess.), which became effective on January 1, 2019, was enacted "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life."  (Stats. 2018, ch. 1015, § 1, subd. (f).)  The legislation accomplished this by amending sections 188 and 189 and adding former section 1170.95 to the Penal Code.  Senate Bill No. 775 (2020-2021 Reg. Sess.), effective January 1, 2022 (Cal. Const. art. IV, § 8), extended the procedure of former section 1170.95 (now § 1172.6) to individuals convicted of attempted murder.  (Stats. 2021, ch. 551, § 2.)

Section 1172.6, subdivisions (b) and (c) create a two-step process for evaluating a petitioner's eligibility for relief.  (*People v. Lewis* (2021) 11 Cal.5th 952, 960-962.)  First, the trial court determines whether the petition is facially sufficient under section 1172.6, subdivision (b).  (*Lewis*, at p. 960.)  If the petition is facially sufficient, the court considers the requirements of subdivision (c), appointing counsel (if requested) and following the briefing schedule set out in the statute.  (*Lewis*, at p. 966.)  Following the completion of this briefing, the court must hold a hearing and determine whether the petitioner has made a prima facie showing they are entitled to relief.  (§ 1172.6, subd. (c) ["After the parties have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief.  If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court

---

[2] We take judicial notice on our own motion of our prior opinion in this case.  (Evid. Code, § 452, subd. (d).)  Although the opinion is not contained in the record on appeal, it is clear the trial court possessed it at the time of that court's ruling.

shall issue an order to show cause"].) A statement of decision is required where the court declines to issue an order to show cause. (*Ibid*.)

As our high court has explained, "[w]hile the trial court may look at the record of conviction after the appointment of counsel to determine whether a petitioner has made a prima facie case for section 117[2.6] relief, the prima facie inquiry under subdivision (c) is limited. Like the analogous prima facie inquiry in habeas corpus proceedings, ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause." ' [Citation.] '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' [Citation.] 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*People v. Lewis*, *supra*, 11 Cal.5th at p. 971.)

At the subdivision (d) hearing on the merits of whether defendant is entitled to resentencing relief, "the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of . . . attempted murder under California law as amended by the changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (d)(3).)

*Defendant's Petition for Resentencing*

On January 24, 2022, defendant filed his section 1172.6 petition seeking to vacate his attempted murder conviction and be resentenced. On January 26, 2022, the trial court appointed counsel and issued an order to show cause without finding prima facie entitlement to relief. On March 1, 2022, the trial court directed the People to file a response to defendant's petition.

4

A response had not yet been filed when, on June 24, 2022, the court issued a tentative written decision, stating in relevant part that: "[A] quick review of the records on file with the case demonstrates the following: [¶] The defendant was found guilty of premeditated attempted murder along with robbery and personal use of a firearm: see jury verdict. [¶] The finding that the defendant willfully, deliberately and with premeditation attempted to kill a person disqualified him from the benefits of the re-sentencing law." The parties appear to agree on appeal that the trial court was referencing, in part, the February 11, 1988, minute order from the final day of defendant's trial, which recited the jury's verdicts and was attached to the court's tentative decision. The minute order is included in the record provided to us and states as relevant here that the jury found true the allegation that "The ATTEMPTED MURDER was willful, premeditated and deliberate."

On July 12, 2022, the trial court held a hearing on the petition without securing the incarcerated defendant's attendance. At the hearing, the court adopted its tentative decision and denied defendant's petition. Defendant timely appealed; the case was fully briefed on January 24, 2023.

## DISCUSSION

Counsel filed an opening brief setting forth the facts and procedural history of the case and requesting this court review the record and determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.)

Defendant timely filed a supplemental brief, claiming error in the trial court's failure to notify him of and secure his attendance at the hearings associated with his petition, as well as the court's determination of his ineligibility for relief based solely on its review of the February 11, 1988, minute order. We requested and received additional briefing from appointed counsel and the People's representative, addressing the apparent procedural error evidenced by the trial court's issuance of an order to show cause followed by a summary denial of defendant's petition.

5

While this appeal was pending, and after we requested additional briefing, our Supreme Court decided *People v. Delgadillo* (2022) 14 Cal.5th 216, holding that the *Wende* procedure does not apply to an appeal from the denial of postconviction relief. We have reviewed the record and ordered supplemental briefing on the arguable error we detected therein, and we have considered the arguments raised by defendant in his supplemental brief, all in compliance with current law. (See *id.* at p. 232.)

The Attorney General concedes the trial court's failure to abide by the procedures required by section 1172.6 was error, but argues the error was harmless beyond a reasonable doubt because defendant is ineligible for relief as a matter of law. We agree.

The trial court's finding as to defendant's ineligibility for relief failed to comply with the requirements of section 1172.6, subdivision (d), including holding the People to their burden to prove beyond a reasonable doubt that defendant was guilty of "attempted murder under California law as amended by the changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (d)(3).) However, the error was harmless, because it is clear from our review of the record that defendant was indeed the individual found by the jury to have acted in a willful, premeditated, and deliberate manner, as argued by the Attorney General and found by the trial court after its review of the minute order as well as other unspecified records.

Although defendant argues that without review of the jury instructions themselves, we cannot conclusively determine defendant's ineligibility for relief (see *People v. Eynon* (2021) 68 Cal.App.5th 967, 973, 976-978 [recognizing first degree premeditated natural and probable consequences murder existed until our Supreme Court's decision in *People v. Chiu* (2014) 59 Cal.4th 155, 158-159]), we agree with the Attorney General that review of the charging document and minute order containing the jury's verdicts, as well as the manner in which defendant was sentenced, support only the conclusion of ineligibility.

Further, our review of our original opinion in this case reveals that defendant's previous appellate argument regarding the propriety of his sentence for attempted murder hinged on his assertion that "*had he completed the murder*, he would have been subject to a punishment of death or life imprisonment" and that he did not contest that "the jury found *his attempt* was willful, deliberate, and premeditated." (*People v. Montalvo* (May 4, 1989, C004259) [nonpub. opn.], italics added.) We have reviewed the entire record in defendant's current appeal, and nothing even remotely suggests a conclusion other than that defendant was indeed the individual found by the jury to have acted in a willful, premeditated, and deliberate manner; thus, he is ineligible for relief as a matter of law.

## DISPOSITION

The order denying defendant's petition is affirmed.


              /s/
              Duarte, Acting P. J.



We concur:



       /s/
Renner, J.



       /s/
Boulware Eurie, J.